UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
CASE NO.: 13-cv-61198 Marra

MICHAEL MARTIN

Plaintiff,

Against

BENIHANA NATIONAL, CORP.,
a Foreign Profit Corporation and
MICKEY GONZALEZ,

Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, MICHAEL MARTIN, by and through his undersigned attorney, and hereby sues Defendants, BENIHANA NATIONAL, CORP., and MICKEY GONZALEZ (hereinafter referred to as "Defendants") and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States, and the State of Florida. The Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), and F.S.A. Const. Art. 10 § 24, under 28 U.S.C. § 1343.

2. Plaintiff is a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable court and was at all times material, employed by

1

Defendant as a Chef, was an employee as defined by 29 U.S.C. § 203(e), and during his employment was engaged in interstate commerce or in the production of goods for interstate commerce in Broward County.

3. The corporate Defendant, BANIHANA NATIONAL, CORP., is a Foreign Profit Corporation engaged in doing business in Broward, County, Florida, is an enterprise engaged in an industry affecting interstate commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 in the offices where Plaintiff was employed.

4. Defendant, Mickey Gonzalez is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 where Plaintiff was employed.

## FACTS

5. This action is brought by Plaintiff to recover from the Defendants unpaid overtime wages compensation, as well as an amount for liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C.§ 207.

6. The Defendants, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operated organizations which sell and/or make their services and/or goods to customers from throughout the United States, and the Defendants obtain and solicit funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state to do its business, transmits funds outside the State of Florida, and otherwise regularly engage in interstate commerce,

2

particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000.00 per annum, and otherwise satisfies the FLSA's requirements.

7. The Defendants have two or more employees who handle, transport or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

8. By reason of the forgoing, the Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

9. Since on or about March 1, 2012 up to and including January 1, 2013, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Plaintiff, during his employment, worked in excess of 40 hours a week during the course of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to Plaintiff is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if Plaintiff was exempt,

3

Defendants' actions and/or conduct have effectively removed any exemption that may have applied to Plaintiff.

11.   Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Plaintiff's status as non-exempt, but chose not to pay him in accordance with the Act

## CLAIM FOR RELIEF

12.   Plaintiff realleges and incorporates by reference all previous paragraphs.

13.   At all times material hereto, the Defendants failed to comply with Title 29 U.S.C.§§ 201-219 AND 29 C.F.R. § 516.4 et seq. in that the Plaintiff worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay the at the rate of the time and one-half for all hours worked in excess of forty (40) per work week as provided in the FLSA.

14.   Defendants willfully, regularly and repeatedly failed to pay overtime rates, and Plaintiff is entitled to recover damages, as follows:

## DAMAGES

| | |
|---|---|
| Client's Hourly Wage Rate | $7.00 |
| Rate of Overtime Wages | $10.50 |
| Total Overtime Hours Claimed | 460 |
| Overtime Wages Owed | $4,830.00 |
| Liquidated Damages | $4,830.00 |
| **Total of Overtime Claim** | **$9,660.00** |

4

15. Plaintiff has retained the law offices the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorneys' fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Defendants to him over the course of his employment with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF filing with the court on July 10, 2013, on all counsel or parties of record on the Service List below.

**Respectfully submitted,**

**SCHWARTZ ROLLER LLP**
By: /s/ K. Brian Roller
K. BRIAN ROLLER
Florida Bar No. 0018696
3876 Sheridan Street
Hollywood, Florida 33021
kbroller@szalaw.com
pleadings@szalaw.com
Telephone :( 954) 966-2483
Facsimile :( 954) 966-2566

## SERVICE LIST

Ingzud H. Ponce, Esquire
Florida Bar No.:0166774
iponce@sternsweaver.com
STEARI.-TS IMEAVER MILLER WEIS SLER
ALFTADEFF & SITTERSON, P.A.
Attorneys for Defendants
Suite 2200 Museum Tower
150 West Flagler Street
Miami, Florida 33130